**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Crim. A. No. 26-14(6) (JDB)** |
| **KEN CHIAEN CHANLEE,**<br>     **Defendant.** | |

## MEMORANDUM OPINION & ORDER

Ken Chiaen Chanlee is accused of conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine, 100 kilograms or more of marijuana, as well as cocaine and hallucinogenic mushrooms. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) & 846. He was arrested in the Central District of California on June 3, 2026, where he had his initial appearance before a magistrate judge. The magistrate judge denied the government's motion for pretrial detention and Chanlee has been released on conditions for over a month. The government appealed, and this Court held a hearing on July 9. For the reasons detailed below, the Court affirms the magistrate judge's decision to release Chanlee but modifies his conditions of release to include home detention.

## LEGAL STANDARD

The D.C. Circuit has "not squarely decided" the standard of review for a magistrate judge's detention decision. United States v. Munchel, 991 F.3d 1273, 1280 (D.C. Cir. 2021). But every circuit to have done so has held that review should be de novo. See United States v. Chrestman, 525 F. Supp. 3d 14, 23 & n.5 (D.D.C. 2021) (collecting cases). This Court agrees.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  United States v. Salerno, 481 U.S. 739, 755 (1987).  The Bail Reform Act sets out one such exception, providing that defendants must be detained before trial when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'"  United States v. Vasquez-Benitez, 919 F.3d 546, 550 (D.C. Cir. 2019).  The government must prove dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence.  United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987).  In making its determination, the court must consider (1) the nature and circumstances of the crimes charged, (2) the weight of the evidence of the defendant's guilt, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger posed by the defendant's release.  See 18 U.S.C. § 3142(g).

## ANALYSIS

Chanlee is charged with a Controlled Substance Act offense that carries a maximum sentence of more than 10 years.  21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).  Such crimes are subject to a rebuttable presumption that no conditions of release can assure their appearance in court and the safety of the community.  18 U.S.C. § 3142(e)(3)(A).

Defendants bear a burden of production to "offer some credible evidence contrary to the statutory presumption" of detention.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  However, it is not the defendant's responsibility to "carry the Government's burden of proof or persuasion."  Id. at 371.  And the court must consider the presumption in light of the Bail Reform Act's general admonition that defendants be "subject to the least restrictive" set of conditions

sufficient to assure the safety of the community and the defendant's appearance in court.  18 U.S.C. § 3142(c)(1)(B).

### A.  Nature and Circumstances of the Offense

Chanlee is accused of trafficking large quantities of methamphetamine and other narcotics. These drugs pose an acute danger to the communities they are present in, especially in the quantities alleged in this case.  See United States v. Tong Li, Crim. No. 26-14, 2026 WL 1750420, at *2 (D.D.C. June 12, 2026).  This is undoubtably a grave offense, and the presumption of detention reflects Congress's determination of its seriousness.  United States v. Ali, 793 F. Supp. 2d 386, 391 (D.D.C. 2011) (explaining that the presumption is incorporated into each Bail Reform Act factor).  Other factors that might exacerbate the serious nature of this offense, however, are not present.  The government does not allege that Chanlee used violence or a firearm in the commission of this crime, or that he was a leader in the alleged drug trafficking ring.  Unlike other defendants in this matter, he is not charged with laundering money via cryptocurrency.  Overall, however, this factor weighs in favor of detention, but not decisively.

### B.  Weight of the Evidence

The government has provided text messages that link Chanlee to charged conduct.  For his part, at the evidentiary hearing, Chanlee did not contest the veracity of those messages.  That being said, this factor is the "least important," United States v. Padilla, 538 F. Supp. 3d 32, 43 (D.D.C. 2021), because the Bail Reform Act does not modify or limit the presumption of innocence, 18 U.S.C. § 3142(j).  Accordingly, this factor weighs in favor of detention, but only slightly.

### C.  History and Characteristics of the Defendant

The Court must evaluate Chanlee's "(A) character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law."   18 U.S.C. § 3142(g)(3). Subparagraph (B) does not apply here.

As with the other Bail Reform Act factors, courts must consider the defendant's community ties that make them more or less likely to appear in court or pose a danger to their community. Accordingly, for cases involving a defendant who would be subject to release elsewhere, the court should consider the defendant's ties to "both the community in which the charges are brought and also [the local] community in the United States to which the [out of district] defendant has ties." United States v. Townsend, 897 F.2d 989, 995-96 (9th Cir. 1990).

Chanlee has no connections to D.C., but substantial connections to Los Angeles, where he would be (and has been) released.  He has lived in the Los Angeles area since he was twelve, where he has a wife and an 11-year-old daughter, for whom he is the primary financial provider.  His sister, nephew, and mother also live in the area.  He works as a wholesale motorcycle parts dealer, which Pretrial Services has confirmed.  He has no criminal history and lacks substantial financial resources.  He has previously regularly traveled to Mexico, but presently lacks a passport, which is required for that journey.  At the evidentiary hearing held on July 9, 2026, the government did not contest these facts.[1]

Chanlee also has complied with the conditions of his pretrial release thus far.  He has turned over his passport, submitted to location monitoring, and maintained engagement with his pretrial

---

[1] The government initially argued that Chanlee owned an apartment in Mexico, which Chanlee denied. At the hearing, the parties clarified that Chanlee, his wife, and another party had placed a deposit on an apartment in a yet-to-be constructed building, which they have since forfeited.

services officer.  Importantly, Chanlee has not demonstrated a lack of candor with pretrial services that might support the inference that he would not abide by conditions set by the Court, such as by hiding firearms or cash.  Indeed, at the evidentiary hearing, Chanlee represented that he affirmatively notified pretrial services that the agents who initially searched his house had missed a firearm, which he promptly disclosed.

In sum, the Court concludes that Chanlee's history and characteristics substantially favor release.

### D.  Danger to the Community

The Government contends Chanlee is a danger to the community because he "will return to drug dealing if released."  Government's Mot. [ECF No. 47] at 9.  This Court has previously reasoned that a defendant is more likely to return to drug trafficking if they lack legitimate employment or have a history of being dishonest to the courts.  United States v. Lee, Crim. No. 26-14, 2026 WL 292427, at *6 (D.D.C. Feb. 4, 2026).  Here, the government does not contest that Chanlee has legitimate employment and has been truthful and compliant with pretrial services, although it contends that Chanlee may have been involved in a drug transaction after the government arrested several of his alleged co-conspirators.  That allegation is troubling, but the government only presented limited evidence of that assertion and has not alleged that Chanlee has continued to traffic drugs while on pretrial release.  The Court concludes that, on balance, this factor favors release as well.

### CONCLUSION

Two of the factors favor detention and two weigh against it.  But one of the factors favoring detention, the weight of the evidence, is the least important.  And in the light of the purpose of the Bail Reform Act—to ensure community safety and prevent flight—the Court believes that the

balance tilts towards release, and the government has not marshalled sufficient evidence to meet its burden otherwise.  However, because of the seriousness of the alleged offense, and the real concerns raised by Chanlee's history of prior travel to Mexico, the Court will impose the additional condition of home detention atop those already imposed by the magistrate judge.

Accordingly, upon consideration of [47] the motion to review and appeal release order, and the entire record herein, it is hereby ORDERED that the motion is DENIED. It is further ORDERED that KEN CHIAEN CHANLEE (6) shall be subject to the conditions of supervision detailed in [91] the Order setting conditions for high intensity supervision program.

SO ORDERED.

/s/
_____

JOHN D. BATES
United States District Judge

Dated: July 13, 2026